Nov. Term,
1856.

SLOAN
v.
THE STATE.

SLOAN v. THE STATE.

Prosecution for a nuisance. The Court below instructed the jury as follows: "If the jury believe from the testimony that the defendant did, in, &c., pour out of the *Bates House* spouts, by himself or servants," &c. This instruction was modified by another, to the effect that the nuisance must have been caused either by the defendant's own acts or the acts of others through his procurement. *Held*, that taken together, the instructions were correct.

The Court below refused the following instruction asked by the defendant: "That if the nuisance complained of was created and maintained by the defective construction of the sewer on the west side of *Illinois* street, made by the common council of *Indianapolis*, then the defendant should be acquitted." *Held*, that as the evidence is not in the record, the refusal cannot be said to be error; for if there was no evidence touching defective sewerage, there was no error in refusing an instruction going to that point. In this state of the record, this Court must favor the ruling of the Court below.

The defendant in this case, in support of a motion for a new trial on the ground of newly discovered evidence, filed his affidavit naming his witness, and the matter he expected to prove, and explaining why it had not been produced on the trial. He also filed the affidavit of the proposed witness as to what he would testify in the premises. Motion overruled. *Held*, that as the evidence is not in the record, the bill of exceptions should have shown the evidence given on the former trial, that thus it might appear whether the newly discovered evidence was sufficient to change the result. As the record stands, this Court must presume, in favor of the ruling below, that the evidence was merely cumulative.

Tuesday,
December 9.

APPEAL from the *Marion* Court of Common Pleas. STUART, J.—This was a proceeding against *Sloan*, before a magistrate, for nuisance.

On the trial, he was found guilty and fined three dollars. *Sloan* appealed to the Court of Common Pleas; trial by jury, and fine five dollars. *Sloan* appeals to this Court.

The errors assigned will be examined in their order.

1. The Court erred in giving the instructions to the jury as asked by the State. The instruction here excepted to is in these words, so far as it is material to the point of objection, viz.: "If the jury believe, from the testimony, that the defendant did in, &c., pour out of

Nov. Term,
1856.

SLOAN
v.
THE STATE.

the *Bates House* spouts, by himself or servants, &c." The nuisance complained of was created by the slops, as they call it, of the hotel of which *Sloan* was the lessee, settling in offensive pools along the west side of *Illinois* street. And the objection taken to the instruction is, that if the jury believed that the defendant or his servants caused it, he was guilty, &c.,—thus making *Sloan* guilty for the acts of his servants, though they might have been unauthorized by him. If the instruction can be so regarded, it was clearly erroneous. In criminal cases, the master is not punishable for the offenses of his servants, unless they were committed by his command, or with his assent. *Hipp* v. *The State,* 5 Blackf. 149.

But the instruction here given, if objectionable for the reason stated, is modified by another instruction given at the instance of the defendant, to the effect that the nuisance must have been caused either by *Sloan's* own acts or the acts of others through his procurement. The bill of exceptions shows that both instructions were given; and taken together they state the law correctly.

2. The second error assigned is in refusing to give the second instruction asked by the defendant. That instruction is in these words, viz.: "That if the nuisance complained of was created and maintained by the defective construction of the sewer on the west side of *Illinois* street, as made by the common council of *Indianapolis*, then the defendant should be acquitted. The evidence is not in the record. We cannot say that it was error to refuse this instruction, because it might have been wholly irrelevant to the case made. If there was no evidence relative to the defective construction of the sewer, there was no error in refusing an instruction going to that point. In the state of the record we must presume in favor of the ruling of the Court. *Miller* v. *Gorman,* 5 Blackf. 112.—*Id.* 210.—*Id.* 296.—*Id.* 498.

3. The third error assigned is in overruling the motion for a new trial on the ground of newly discovered evidence. The defendant filed his own affidavit, nam-

ing the witness and the matter expected to be proved, and explaining why it was not produced on the trial. He also filed the affidavit of the proposed witness as to what he could testify in the premises. This was well enough, as far as it went; but as the evidence is not in the record for any other purpose, the bill of exceptions should have gone further and shown the evidence given on the former trial, that thus it might appear whether the newly discovered evidence was sufficient to change the result. As the record stands we are bound to presume in favor of the ruling below, that the proposed evidence was merely cumulative. 3 Blackf. 304.—4 *id.* 308.—4 Ind. R. 84.—6 *id.* 474.

*Per Curiam.*—The judgment is affirmed with costs.

*R. L. Walpole* and *C. H. Test,* for the appellant.

*R. J. Ryan,* for the State.