Harrington v. The State.

No. 9513.

HARRINGTON v. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Indictment.*—*Description of Property.*—In an indictment for larceny, the description of the goods charged to have been stolen as "ten yards of brocade silk, of the value of thirty dollars; fifteen yards of bronze colored satin, of the value of nineteen dollars," etc., all of the value of a specified sum, is a sufficient description.

SAME.—*Practice.*—*Juror.*—*Waiver of Irregularity.*—During the progress of a trial for larceny, the prosecuting attorney instituted proceedings in attachment, as for contempt, against one of the jurors, charging him with having stated, during an adjournment of the court, that no man could identify the class of goods sought to be identified in the case. The court thereupon stopped the trial and had the juror file his answer to the charge. The court, after examining the answer, informed the attorneys for the defendant, that if they would consent he would discharge the jury. Whereupon they informed the court "that they were consenting to nothing," and were ready to proceed with the trial. The trial thereupon proceeded and resulted in a conviction.

*Held,* that the defendant, having refused to consent to the discharge of the jury, and having consented to go on with the trial, thereby waived any objection to what had occurred.

SAME.—*New Trial.*—*Practice.*—*Record.*—No error is shown to have been committed by the trial court in refusing to permit "additional causes for a new trial, supported by affidavits," to be filed in such cause after a motion for a new trial had been overruled, where the record on appeal fails to show what the additional causes were, or what were the contents or purport of the affidavits, or why these causes were not in the original motion.

From the Cass Circuit Court.

*A. S. Guthrie* and *D. B. Graham,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *E. S. Daniels,* Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was indicted in the court below for larceny, and, upon trial, was convicted and sentenced to two years' imprisonment in the penal department of the Indiana Reformatory Institution for Women and Girls.

The following errors are assigned:

1st. The court erred in overruling the appellant's motion to quash the indictment herein.

2d. The court erred in overruling the appellant's motion for a new trial.

3d. The court erred in overruling appellant's motion for leave to file additional causes for a new trial, and affidavits in support thereof.

4th. The court erred in overruling appellant's motion in arrest of judgment.

The first and last of these assignments may be considered together, as the only point made under them is, that the goods alleged to have been stolen are not sufficiently described.

The following is the description of the goods : "Ten yards of brocade silk, of the value of thirty dollars ; fifteen yards of bronze colored satin, of the value of nineteen dollars ; fifteen yards of other satin, of the value of nineteen dollars ; and four and a half yards of brown silk, of the value of four dollars and fifty cents ; all of the aggregate value of seventy-two dollars and fifty cents." The goods charged to have been stolen we think were sufficiently described. See cases collected in Moore's Crim. Law, pp. 893 and 894.

We proceed to consider the grounds upon which a new trial was asked.

It is claimed that the verdict was contrary to law and not sustained by the evidence.

We do not see that it was in any respect contrary to law, and we think it was fairly sustained by the evidence. The case is not one that calls for the interference of this court upon the evidence.

It appears by a bill of exceptions, that after the jury trying the cause had been empanelled and sworn, and after some progress had been made in the trial, the prosecuting attorney instituted proceedings by way of attachment as for contempt, against one of the jurors, charging him with having had a conversation with certain persons named, after the cause had progressed as above stated, and during an

adjournment of the court, in which he expressed his belief that no man could identify the class of goods sought to be identified in the case. The court thereupon stopped the trial, and had the juror brought in to answer to the charge of contempt. The juror filed his answer to the charge of contempt. "Whereupon," the bill of exceptions proceeds, "said court, after examining said answer, informed the attorneys for defendant, that if they would consent to it he would discharge the jury then trying said cause ; whereupon said attorneys for defendant informed said court that they were consenting to nothing, and were ready to proceed with said trial." The trial thereupon proceeded.

In all this there is nothing of which the appellant can complain. If there was any misconduct on the part of the juror, of which she could have complained, or if there was any irregularity in stopping the trial to investigate the charge of contempt against the juror, the appellant had the opportunity to avail herself of the objection. She had the option of having the jury discharged, but she would not consent to that. She, by her counsel, announced that she was ready to go on with the trial. This meant, of course, that she was ready to go on with the trial before that jury. This was a clear waiver of any objection to what had occurred. She could not, after having thus consented to go on with the trial before that jury, knowing what had occurred, take her chances of an acquittal, and then, on being convicted, raise any question which she thus waived. If she could, she could put the State under the necessity of securing two convictions instead of one only. The State could not discharge the jury without the consent of the defendant, as that would be equivalent to an acquittal. The appellant could not again have been put in jeopardy. If the trial had resulted in an acquittal, that would have been valid. But, having resulted in a conviction, she claims it to have been erroneous. Having refused her consent to the discharge of the jury, and

having consented to go on with the trial, she can not now be heard to make any objection which she thus waived.

It is claimed by counsel that, in impanelling the jury, the court erred in assuming that the appellant was entitled to only six peremptory challenges. It may be that the court fell into an error in stating the number of peremptory challenges allowed by law in such cases, but, if so, the error was harmless, as no peremptory challenge was overruled, nor did the court make any ruling on the subject to which exception was taken.

What we have said, we believe, disposes of all the points made on the motion for a new trial. It remains to consider the third assignment of error.

It appears by a bill of exceptions, that, after the motion for a new trial had been overruled, and before judgment, the defendant asked leave to file "additional causes for a new trial, supported by affidavits," but the motion was overruled. It does not appear what the additional causes were, nor what were the contents or purport of the affidavits proposed to be filed; nor does it appear why these causes were not sooner filed. Under these circumstances, no error appears to have been committed in this respect. We find no error in the record.

The judgment below is affirmed, with costs.