| 59 | 243 |
| 70 | 753 |

| 59 | 243 |
| f94 | 866 |

## STUART MOORE *v.* CHICAGO, ST. LOUIS AND NEW ORLEANS RAILROAD CO.

1. IMPEACHING ONE'S WITNESS. *Fraud. Surprise.*

   Generally a party cannot impeach the credibility of his own witness; but he may, for this purpose, prove contradictory statements of an unfriendly witness, whom he is entrapped into calling, and by whose testimony he is surprised.

2. SAME. *Presumption of notice. Evidence of surprise.*

   If the circumstances raise a presumption that the party, when he introduces the witness, knows that he will not testify as he represents, evidence of surprise is requisite before the contradictory statements will be admitted.

3. SAME. *Contradictory statements. Immaterial testimony.*

   A plaintiff who, in a suit for damages against a railroad company, calls witnesses who testify that they were not present when he was injured, cannot, in order to impeach their credibility, ask them whether they have stated otherwise to designated persons.

4. SAME. *Refreshing memory. Reserving point for review.*

   If the plaintiff excepts to such ruling on the point so presented as to involve only his right to impeach his witnesses' credibility, this court cannot consider the case as it would have been if he had stated at the time that his purpose was to refresh their memories.

5. EXAMINATION OF WITNESSES. *Defendant's employees. Right to impeach.*
    Whether the court can examine persons in the defendant's service at the plaintiff's suggestion without affecting his right to impeach them, *quære ;* but the power, if it exists, is discretionary, and refusal to use it is not error, whatever its unwarranted exercise may be.

6. ADMISSIONS. *Railroad company. Agent.*
    Admissions of a conductor, made days after a passenger falls from his train, that he kicked him off, are not part of the *res gestæ*, and do not bind the railroad company.

7. NEW TRIAL. *Newly discovered testimony. Impeaching witness.*
    A new trial will not be granted on the ground of newly discovered testimony, the only effect of which is to impeach the credibility of a witness. 3 Graham and Waterman on New Trials, 1074.

APPEAL from the Circuit Court of Marshall County.

Hon. J. W. C. WATSON, Judge, presided at the trial of this case, and Hon. J. A. GREEN presided at the new trial, by interchange.

At the trials of this action of trespass on the case, the appellant testified that he was travelling on a freight train, which carried passengers, between Holly Springs in Marshall county and another station on the appellee's railroad, that he paid his fare to a brakeman, who demanded it as if in authority, and that the conductor afterwards kicked him off the train ; but the appellee's evidence tended to show that he was attempting to ride free, when he saw the conductor coming and tried to jump off, but slipped and fell. After the appellee had closed its evidence at the new trial, the appellant examined certain persons, who stated that they were not present at the time of his injury, but was prevented from asking them what they had stated elsewhere, upon the ground set forth in the opinion. The appellant then moved the court to call and examine, as witnesses, these persons, and also Brewer, who had not testified at the new trial, and whose *status* at the first trial is stated in the opinion ; and to permit the introduction in evidence of their contradictory statements. This motion the court overruled, notwithstanding evidence that the appellee had taken them into its service after this action was commenced.

*E. M. Watson,* for the appellant, argued orally and in writing.

1. The rule that a party cannot impeach his own witness should not be applied to Brewer in this case. If the plaintiff had known that this witness would testify differently, he could not assail his testimony; but he was deceived, and had the right to expose the imposture. *Cowden* v. *Reynolds*, 12 Serg. & R. 281; *Sewell* v. *Gardner*, 48 Md. 178; *Skipper* v. *State*, 59 Ga. 63; *Hemingway* v. *Garth*, 51 Ala. 530; *Blackburn* v. *Commonwealth*, 12 Bush, 181; *Brooks* v. *Weeks*, 121 Mass. 433; 2 Phillips Evid. 981, 986; Starkie Evid. 245, 249; 1 Greenl. Evid. § 444. After writing facts to Gray which sustained the plaintiff's case, the witness was employed by the railroad company and altered his testimony. If the appellant acted in good faith, and the witness did not, there is no reason why the latter's treachery should not be exposed by his victim.

2. Other witnesses, after stating the facts favorably to the plaintiff, were employed by the defendant, and made different statements when examined. Clearly the plaintiff then had the right to ask them whether they had made the former statements. This was one method of refreshing their recollections as to the facts. In a case like this, where the company was employing all persons who saw the transaction, with the manifest purpose of preventing them from testifying for the plaintiff, he should have been allowed to cross-question such persons, although called as witnesses by himself.

3. After holding that the plaintiff, if he called these witnesses, could not contradict them, and after the defendant refused to put them on the stand, the court should, on the plaintiff's motion, have examined them. They are employees of the railroad company, and are conversant with the facts of this case. It was within the power of the court to compel them to testify in furtherance of the ends of justice. Starkie Evid. 245, 249. On all questions of the admissibility of evidence the court applied the narrowest rule, when the case demanded the greatest liberality.

4. The newly discovered evidence, if introduced, would have changed the result. It was not cumulative testimony, and due diligence in obtaining it was shown. *Garnett* v. *Kirkman*, 41 Miss. 94; *Cooper* v. *State*, 53 Miss. 393; *Vardeman* v. *Byrne*, 7 How. 365; 3 Graham & Waterman on New Trials, 1021.

*W. P. & J. B. Harris*, for the appellee.

1. No deceit was practised by Brewer on the appellant, no fraud in procuring himself to be examined as a witness, and there was no surprise in fact. The case came under no exception, recognized by the authorities, to the rule that a party voluntarily calling a witness shall not be allowed to impeach him by any general evidence touching his veracity. *Fairly* v. *Fairly*, 38 Miss. 280; *Bullard* v. *Pearsall*, 53 N. Y. 230; *Coulter* v. *American Merchants' Express Co.*, 56 N. Y. 585; *Craig* v. *Grant*, 6 Mich. 447; *Griffin* v. *Wall*, 32 Ala. 149; *People* v. *Jacobs*, 49 Cal. 384; *Rockwood* v. *Poundstone*, 38 Ill. 199; *Stearns* v. *Merchants' Bank*, 53 Penn. St. 490; *Quinn* v. *State*, 14 Ind. 589; *Hunt* v. *Coe*, 15 Iowa, 197; *McDaniel* v. *State*, 53 Ga. 253; *Melhuish* v. *Collier*, 15 Q. B. 878. In England an act of parliament has given the right to discredit a party's own witness under restrictions. The Code of Georgia allows it if the party has been entrapped into calling the witness; so in Massachusetts. In Indiana he may, under certain conditions, introduce discrediting evidence in civil cases. These statutes recognize or rather prove the common-law rule. We have given a larger number of citations than we think necessary, having the purpose to give the rule enforced in many States. The text-writers, English and American, support the rule, that unless a party has been in effect entrapped into calling the witness, or is, under some inflexible rule, bound to call him, he cannot introduce evidence for the purpose of discrediting him, whether it affects his general character for veracity, or his veracity as to the particular matter, by proof of former contradictory statements. 2 Phillips Evid. (Cowan & Hill ed.) 985, 993; 2 Best Evid. § 645; 1 Greenl. Evid. § 444; 1 Wharton Evid. 549, *et seq.* We assert on these authorities that there must be a surprise resulting from a fraud in the witness, and that must be shown to admit of the introduction of contradictory declarations.

2. On the new trial the evidence is conflicting, and the charges correct. We need not urge that unless the jury was misled by an improper ruling the second verdict must stand. The witnesses, who stated that they did not see the act, gave no testimony which injured the appellant's case. On what

ground should the court have allowed proof that they stated the contrary out of court? The most extravagant opponent of the common-law rule would not contend for the right to discredit these witnesses. It is too late to urge that the object of the question was to refresh their memories. As to the employment of witnesses, it appears that, except Brewer, they were of that class along the defendant's road who are off and on. A majority of the appellee's witnesses had no connection with the road. The character of the appellant's motion to examine Brewer and the other employees will be seen by inspection. New trials will not be granted in cases of this character on newly discovered testimony, which tends only to discredit witnesses.

*W. P. Harris*, on the same side, made an oral argument.

Cooper, J., delivered the opinion of the court.

The appellant sued the Chicago, St. Louis & New Orleans Railroad Company to recover damages for an injury sustained by him in being forcibly ejected from one of its trains while the same was in motion. At the April Term of the Circuit Court of Marshall County there was a trial of the cause which resulted in a verdict and judgment for the plaintiff. The defendant moved for a new trial, which was granted, and thereupon the plaintiff excepted to the action of the court in granting the new trial, and a bill of exceptions was signed, embodying the evidence introduced. At the October Term of the court another trial was had, resulting in a judgment for the defendant. The plaintiff made a motion for a new trial, which was overruled; and the plaintiff again excepted, took another bill of exceptions, and now prosecutes this appeal, assigning for error the action of the court below in granting the new trial asked by the defendant, and in refusing that asked by himself. On the first trial the plaintiff, in rebuttal of the evidence offered by the defendant, introduced as a witness one Brewer, who delivered testimony unfavorable to the plaintiff, who, thereupon, for the purpose of impeaching the credibility of the witness, offered in evidence a letter which had been previously written by the witness to one Gray, in which he made statements directly contradictory to the testimony given by him.

The admission of this evidence was objected to by the defendant at the time, and its admission was one of the grounds of its motion for a new trial. If it was error to permit the evidence impeaching the credibility of the witness to be introduced, the new trial was rightly granted.

It is argued by counsel for the appellant that the court did not err in permitting this evidence to be introduced, because the plaintiff was entrapped by the witness into introducing him, and was surprised by his testimony. While we recognize the right of a party who has been entrapped into introducing, and is surprised by the testimony of an unfriendly witness, to impeach his credibility by giving evidence of other and different statements made by him, we nevertheless think it was error to permit it to be done in this case, for the reason that no showing was made by the plaintiff, by his own affidavit or otherwise, that the testimony of the witness operated as a surprise on him, and because we think it fairly inferable from the other facts shown in the record that the plaintiff and his counsel anticipated that the witness would testify in effect as he did, and introduced him after they had received information that he had declared his intention not to adhere to the statement of the facts as contained in his letter. The rule is that a party cannot impeach the credibility of a witness introduced by him. But to this rule there are certain exceptions, created for the protection of litigants against the fraud of witnesses who are friendly to the opposing party. But where the facts or circumstances suggest the presumption that the party introducing a witness does so with knowledge of the fact that his testimony will not be in accordance with those things which he is professedly introduced to prove, some evidence at least of surprise ought to be required to overcome the presumption, for otherwise the exception would absorb the rule, and let in all the evils which the rule was established to prevent. A careful examination of the bill of exceptions satisfies us that the impeaching evidence ought not to have been permitted, and consequently that the new trial was properly granted to the defendant.

On the second trial the plaintiff introduced certain witnesses, who testified that they were not present when the plaintiff re-

ceived his injuries, and thereupon the plaintiff's counsel asked them if they had not previously stated to certain parties, naming them, that they were present and saw the injuries inflicted. The defendant objected to this course of examination, giving as a reason for his objection that the plaintiff ought not to be permitted to impeach the credibility of his witnesses. The objections were sustained by the court, and this action is now assigned for error. In support of this assignment it is argued that the proposed course of examination ought to have been permitted, because the plaintiff was surprised by the testimony given by the witnesses; but that, if it was not permissible on that ground, yet the plaintiff had the right to thus examine his witnesses for the purpose of refreshing their recollections. It is clear that the examination ought not to have been permitted for the purpose of impeaching the credibility of the witnesses, for they had testified to nothing either in favor of or against the plaintiff, and there was no necessity to impeach their credibility for his protection. Their testimony, as the case then stood, could not be considered by the jury at all, because it amounted to nothing, and as the only legitimate effect of impeaching evidence is to subtract from or overthrow the testimony of the witness, it follows that it ought not to be permitted in cases in which there is nothing to subtract from or overthrow.

We cannot consider the case now as it would have been, if the plaintiff had stated in the court below his purpose to be only to refresh the memory of his witnesses, and not to impeach their credibility. The objection interposed by the defendant was predicated on the supposition that the intention was to impeach their credibility. The court acted on this objection as stated, and the plaintiff excepted to the ruling of the court on the point as thus presented. He cannot now for the first time suggest that his proposed course of examination was legitimate for a purpose not disclosed in the court below. To permit this, would be for this court to review, not the case actually tried in the lower court, but one which might have been tried.

The court did not err in declining to direct the persons, whose names were suggested by the plaintiff, to be sworn as witnesses in the case. If such power exists at all in the court,

which we think admits of grave doubts, its exercise must be left wholly in the discretion of the presiding judge, and a refusal to exercise it would not be a ground of error, whatever might be the effect of an unwarranted exercise of it. The remaining error assigned is that a new trial ought to have been granted because of the newly discovered evidence by the plaintiff.

The newly discovered evidence was that of a witness who, some days after the occurrences in which the plaintiff was injured, had a conversation with the conductor of the defendant, who the plaintiff testified had inflicted the injuries on him, in which conversation the conductor admitted to the witness that he had kicked the plaintiff from the train. It is apparent that these admissions would not have been admissible in evidence for any other purpose than that of impeaching the credibility of the conductor, who had testified on the trial as a witness for the defendant, and had stated that he had had no part in inflicting the injury on the plaintiff; for these declarations were not a part of the *res gestæ*, and only on that ground could they bind the defendant. *Dickman* v. *Williams*, 50 Miss. 500 ; 1 Greenl. Evid. § 113 ; *Sisson* v. *Cleveland Railroad Co.*, 14 Mich. 489 ; *Smith* v. *Betty*, 11 Gratt. 752 ; *Thallhimer* v. *Brinckerhoff*, 4 Wend. 394 ; *Virginia Railroad Co.* v. *Sayers*, 26 Gratt. 328. But a new trial will not be granted on the ground of newly discovered testimony, the only effect of which would be to impeach the credibility of a witness. 3 Graham & Waterman on New Trials, 1074.

We are therefore of opinion that there is no error in the record, and the judgment is

*Affirmed.*