No. 12,417.

## TURNER v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Description of Property.*—The property which the indictment alleges was stolen by the defendant is thus described: "One book, of the value of six dollars, the personal property of Levi W. Welker."

*Held,* that this was a sufficient description.

SAME.—*Evidence.*—*Fabrication of Evidence.*—It is a familiar principle that the fabrication of evidence is a criminative circumstance against an accused person, and evidence tending to show that his account of the manner in which he obtained possession of the stolen property was fabricated, is competent.

SAME.—*Rule where Two Crimes are Connected.*—Although the general rule is that one crime can not be proved in order to establish another, yet, where the two are connected, it is competent to prove both.

SAME.—*Instructions.*—The following instruction is not erroneous: " The rule of law which clothes every person with the presumption of innocence, and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid one who is in fact guilty of a crime to escape, but is a humane provision of law, intended to guard against the danger of any innocent person being unjustly punished."

SAME.—*Repeating Instructions.*—Where an instruction is given by the court,

it is not error to refuse an instruction asked by the defendant asserting the same rule of law.

SAME.—*New Trial.*—*Newly Discovered Evidence.*—Where it appears that the newly discovered evidence will not change the result, it is not error to refuse a new trial.

From the Noble Circuit Court.

*F. Prickett,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ELLIOTT, J.—The indictment upon which the appellant was convicted charges him with stealing "one book, of the value of six dollars, the personal property of Levi W. Welker." We think that the description of the property stolen is sufficient. The case of *State* v. *Logan,* 1 Mo. 532, is exactly in point, and the principle upon which the decision rests is decided in many cases. *State* v. *King,* 31 La. Ann. 179; *State* v. *Carter,* 33 La. Ann. 1214; 2 Bishop Crim. Proc., section 700, and authorities cited. The books are full of cases in which it was held that such descriptions as "one horse," "one cow," "one hog," are sufficient, and there is no reason why a different rule should apply here.

The defendant testified as a witness in his own behalf, and in the course of his testimony stated that he was a book agent, representing a Philadelphia firm; that when he left Fort Wayne for Auburn, he had in his possession several books, among others Jones on Chattel Mortgages; that he had purchased it at Philadelphia, and he made some statements as to his business at Auburn. The State was permitted, in giving evidence in reply, to prove by Mr. Peterson that the book was stolen from him, and that the one hundredth page containing his name was torn out. The appellant complains of the admission of this testimony. The testimony objected to contradicted the appellant upon a material point, or rather upon two material points, for it tended very strongly to show that his account of the place and manner in which he got the book alleged to have been stolen was

Turner *v.* The State.

not true, and also flatly contradicted his statement as to where he obtained Jones on Chattel Mortgages. It is an elementary principle of criminal law that the fabrication of evidence is a criminative circumstance tending to establish guilt, and this evidence very strongly tended to show that Turner's statement as to how and where he procured the books found in his possession, including the stolen one, was fabricated. The testimony went to the whole theory upon which he attempted to account for his possession of the books, and it was unquestionably competent for the State to show that his statements were false and his theory without foundation. Where the specific property charged to be stolen is found in the possession of the accused, in connection with other property, and the possession of the property is attempted to be accounted for, it is proper for the State to show that the account given was untrue. The authorities, indeed, go farther, for it is held that in cases of larceny it is competent to show the possession of other stolen property. *Webb* v. *State*, 8 Texas Ap. 115; 3 Greenl. Ev., section 31.

The general rule is that one crime can not be proved by establishing another, but to this general rule there are many exceptions. A notable exception is where the two crimes are connected, and that is the case here. *Hope* v. *People*, 83 N. Y. 418 (38 Am. R. 460); *State* v. *Nugent*, 71 Mo. 136; Wharton Crim. Ev. (9th ed.), section 32, n. 1. In this instance the two matters were closely blended, and the testimony upon which the defence mainly rested was addressed to both, so that they can not be separated.

It is contended that the court erred in giving the jury this instruction: "The rule of law which clothes every person accused of crime with the presumption of innocence, and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid any one who is in fact guilty of crime to escape, but is a humane provision of law, intended, so far as human agencies can, to guard against the danger of any innocent person being un-

justly punished." We perceive no error in this instruction. It can not be justly said of any rule of law that it is intended to aid the guilty to escape punishment, and the court did not do wrong in affirming of the presumption of innocence that attends all persons accused of crime, that it is not intended to aid those who are in fact guilty of crime to escape. Laws are intended to secure the punishment of the guilty and to guard the innocent, but not to shield the guilty, and it is not error to affirm this of all the rules of law.

The second instruction asked by the appellant was embraced in the third, given by the court, and there was no error in refusing to repeat what had been said to the jury. *Goodwin* v. *State,* 96 Ind. 550; *Union, etc., Co.* v. *Buchanan,* 100 Ind. 63. There is no assumption of the facts in any of the instructions given by the court.

The affidavit of appellant filed in support of the motion for a new trial is contradictory, and fails to show diligence, but, waiving this point, it does not appear that the book the appellant is charged with stealing, namely, "Drake on Attachment," was the same book which the affiant saw in the possession of the accused in Fort Wayne, and it is evident that this evidence would not change the result. *Hines* v. *Driver,* 100 Ind. 315.

Judgment affirmed.

Filed June 26, 1885.