Filed Dec. 13, 1893.

---

No. 17,079.

PALMER v. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Description of Goods, When Sufficient.*—An indictment for larceny, which charges the defendant with stealing "one pair of shoes," contains a sufficient description of the goods alleged to have been stolen, footwear used by mankind being understood.

SAME.—*Evidence, Competency of Determined by Court.*—*Confession Made Under Influence of Fear Produced by Threats.*—*Competency, How Determined.*—It is the duty of the court to determine the competency of evidence before it is permitted to go to the jury; and where objection is made to the competency of evidence offered to prove a confession made by a defendant, upon the ground that such confession was made under the influence of fear produced by threats, and evidence is offered to prove such facts, it is the duty of the court to hear such evidence, that it may determine therefrom the competency of the evidence offered to prove the confession, and not to relegate such question to the jury.

From the Madison Circuit Court.

*S. A. Forkner*, for appellant.

*A. G. Smith*, Attorney-General, and *B. H. Campbell*, Prosecuting Attorney, for State.

DAILEY, J.—Frank Palmer was prosecuted by affidavit and information, in the Madison Circuit Court, in which he was charged with the larceny of one pair of shoes, of the value of five dollars, of the goods and chattels of John Alexander.

The defendant filed his motion to quash the affidavit

and information, which motion was overruled by the court, and to this ruling the defendant excepted.

Upon being arraigned, he entered a plea of not guilty. Thereupon the cause was submitted to a jury for trial, who returned a verdict of guilty, assessing his punishment at imprisonment in the State prison for the period of one year, and a fine of one dollar.

There was a motion and written reasons for a new trial filed, but this motion was overruled, and he excepted.

Judgment was pronounced upon the verdict, on June 5, 1893, and the defendant sentenced to the State prison, from which he prosecutes this appeal.

The causes assigned for a new trial are:

First. The court below erred in overruling appellant's motion to quash the affidavit and information.

Second. The court below erred in overruling appellant's motion for a new trial.

Third. The court erred in rendering judgment upon the verdict.

Under the first assignment of error counsel for appellant becomes quite facetious in discussing an assumption that the goods alleged to have been stolen are not sufficiently described in the affidavit and information. He urges that the motion to quash should have been sustained for the reason that the charge of stealing one pair of shoes is entirely too general, and from it the court was not informed as to whether the shoes mentioned in the affidavit and information were such as mankind wear or those used to protect the hoofs of horses or other animals.

A sufficient answer to this argument is that the description is in no wise uncertain or misleading. When we speak of a "pair of shoes," we are understood as meaning a covering for the human foot, footwear used by mankind.

If property enters into an offense so as to become an element in its description, the particular kind of property should be set forth, but it is not necessary to so specifically describe it as to identify it from other property of the same class; "one book," "one horse," are sufficient descriptions. *Harrington* v. *State*, 76 Ind. 112; *Dougherty* v. *State*, 20 Ind. 442; *Newcome* v. *State*, 27 Ind. 10; *Dorrell* v. *State*, 80 Ind. 566; *Turner* v. *State*, 102 Ind. 425; Gillett on Crim. Law, section 136.

There is, however, one question in this case that challenges our serious consideration. It appears, by a bill of exceptions, in the record, that on the trial of the cause, while introducing her evidence in chief, the State produced as a witness, in her own behalf, one Wallace Fennemore, marshal of the city of Alexandria, by whom counsel for the State offered to prove a conversation had by the defendant with the witness, which was relied upon by the State as a confession of the defendant's guilt. Thereupon the defendant was permitted to cross-examine said witness as to what threats, if any, he had made to the defendant to procure said supposed confession, and said witness having testified that no threats whatever were used or made by himself or his deputy to induce the same, the defendant then objected to said statement being given by the witness to the jury of any confession or supposed confession until the defendant should produce a witness to show that the same was made, if at all, under the influence of fear produced by threats then and there made by said Fennemore to the defendant, and then offered to prove to the court, by his own evidence, and that of deputy marshal Calvin Cree, a competent witness then present in court, that what he (defendant) said at the time was after the preliminary hearing, while he was in the custody of said officers by virtue of a *mittimus* in their hands, and while the witness, as such

marshal, together with his deputy, were conducting him to the common jail of said county, to be incarcerated, and what he did say by way of a confession of the said crime, if said at all, was done, and said statement made, under the influence of fear caused and produced by threats and intimidation then and there made by the officer aforesaid.

This evidence was offered for the purpose of showing that the conversation was incompetent to go to the jury, under the statutes of the State of Indiana. But the court refused to hear said evidence so offered, and refused to permit the defendant to put said witness Cree or himself upon the stand to prove said facts, but permitted and allowed the said witness Fennemore to proceed with his evidence to the jury, and allowed him to testify that the defendant confessed to him that he got the stolen property, and that the witness afterwards found it at the saloon of John A. Graham, where the defendant said that it was.

To this ruling of the court, and the introduction of said evidence of confession, and the refusal to hear the testimony of the defendant or the witness Calvin Cree, the defendant at the time objected and excepted.

There can be no question that this was error well calculated to prejudice the substantial rights of the defendant on the trial.

It is provided by statute, that "The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear, produced by threats; but a confession made under inducement is not sufficient to warrant a conviction without corroborating testimony." R. S. 1881, section 1802.

In the well considered case of *Brown* v. *State*, 71 Ind. 470, 472, this court said: "Under this statute, confessions

made under inducement may be divided into two classes, the first embracing all those made under inducement, except those made under the inflence of fear produced by threats; and the second all those made under the influence of fear produced by threats. Confessions of the first class may be given in evidence, with all the circumstances. Those of the second class are not competent to be given in evidence at all. It is with confessions of the second class that we have to deal in this case. It is a general if not a universal rule of the law, that it is for the court to determine the competency of evidence. And the competency should be determined before the evidence goes to the jury, because, if incompetent, it should not go to the jury at all. When the competency of evidence depends upon extrinsic facts, as in this case upon the question whether the confessions were made under the influence of fear produced by threats, how can the court determine the question of competency without hearing the evidence offered on that subject? Doubtless, confessions of the defendant are *prima facie* competent; but when objection is made by the defendant to their competency, and evidence is offered by him in support of the objection, the court can not determine the question without hearing the evidence; nor can it relegate the question to the jury, for it is the duty of the court to pass upon it in the first instance, before the evidence can legally go to the jury. It seems to us to be clear, on principle as well as authority, that the court erred in refusing to hear the evidence offered by the defendant to show that the confessions were made under the influence of fear produced by threats."

This view is supported by Wharton Crim. Ev. (8th ed.), section 689; *Commonwealth* v. *Culver*, 126 Mass. 464; Gillett Crim. Law, section 852.

For this error, the judgment below is reversed, and the cause remanded for a new trial.

The clerk will give the proper notice for the return of the prisoner.

