FRANK ANTHONY v. STATE.

No. A-2818.    Opinion Filed December 28, 1918.

(176 Pac. 764.)

LARCENY—Re uttal—Evidence—Intent.   In a prosecution for larceny of a cow, the property of one N. J., the defendant testified that he believed the cow taken by him belonged to Mrs. W., by whom he was then employed as manager of her ranch; that, if he took a cow belonging to N. J., he did so by honest mistake, in good faith, believing at the time that the animal belonged to Mrs. W.  Held, any evidence tending to show guilty knowledge and felonious intent on the part of the defendant in the taking of the particular cow, the property of N. J., became pertinent and material in rebuttal.

*Appeal from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

Frank Anthony was convicted of larceny of live stock and sentenced to serve a term of two years in the penitentiary, and he appeals.  Affirmed.

*J. Berry King* and *S. M. Rutherford,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.  The plaintiff in error, Frank Anthony, was convicted in the district court of Cherokee county of having stolen a certain dark red cow, the property of Nora Jameson, and his punishment fixed at a term in the penitentiary for a period of three years.  From this judgment of conviction he has appealed, and reliance is placed for reversal of the judgment upon one ground of alleged error.

The said Frank Anthony appeared as a witness in his own behalf, and it is contended that the trial court erred in

permitting the said defendant to be impeached by the testimony of one W. T. Hudson, in rebuttal, by permitting the said W. T. Hudson to testify relative to a conversation had between the said Anthony and the said Hudson some four or five months before the trial (and before the said cow was alleged to have been stolen by defendant), in which conversation the said Anthony discussed with the said Hudson the purchase of the particular cow, the property of Nora Jameson, which it was alleged was afterwards stolen by the said Anthony.

The ground forming the basis of this alleged error on the part of the trial court is that no sufficient foundation was first laid by the state to permit the details of the alleged conversation to be submitted to the jury.

On cross-examination of the defendant, Anthony, he was asked if he ever had "a conversation with W. T. Hudson four or five months ago, along in the summer, at his (Hudson's) home in Cherokee county, in which you (Anthony) discussed with him the purchase of this cow." The defendant answered as follows: "No, I did not." No further details of the conversation were propounded to the defendant in the form of interrogatories. The witness W. T. Hudson was placed upon the stand in rebuttal, and was permitted over objection and exception of the defendant to testify that he did have a conversation with the defendant, Anthony, at the time and place indicated, in which Anthony discussed with witness the purchase of the cow afterwards alleged to have been stolen by Anthony, and the witness Hudson was also permitted to give certain details of this conversation, the substance of which was that Anthony appeared at the home of the witness, and that the witness inquired of him (Anthony) what he was doing, and Anthony replied that he "was gathering up fat cattle," and

the witness then informed Anthony that Mrs. Jameson had
a fat, dark red cow on the range, which would make good
beef, and Anthony replied that he had offered $40 for the
cow, but that the owner wanted $50, and he could not buy
her at that price.

It is strenuously contended in the brief filed in be-
half of the plaintiff in error that the apparent contradic-
tions between the witness Hudson and the defendant, An-
thony, inspired the verdict of guilty, and that the details
of such conversation were erroneously admitted in evidence
without the proper foundation having first been laid for
admission as impeaching evidence.

When a witness in his own behalf, the defendant,
Anthony, had testified that he was gathering up cattle be-
longing to a widow by the name of West; that he was the
foreman employed by Mrs. West on her ranch, and had
acted in that capacity both before and after the death of
Mrs. West's husband, which occurred some time prior to
the time of this alleged theft; that the deceased, West, had
purchased a red cow some time before his death from a
man by the name of Christy; that, in gathering up the cat-
tle on the particular occasion in which it is alleged that the
Jameson cow was stolen, he thought he had gathered up the
red cow that West had bought from Christy; and that, if
he took the Jameson cow at that time, it was purely by
mistake and without any criminal intent on his part. It is
apparent therefore that after the defendant, Anthony, had
testified in his own behalf, it became material to the issue
then presented by his testimony as to whether or not he, in
good faith and by honest mistake, gathered up the cow be-
longing to Nora Jameson, in place of the cow belonging to
Mrs. West, or whether with full knowledge of the fact that
Mrs. Jameson was the owner of the cow, and after having

made an effort to purchase said cow, he feloniously appropriated the said animal to his own use or to the use of Mrs. West. Any evidence tending to show guilty knowledge and intent on the part of Anthony in the taking of this particular cow then became pertinent and material in rebuttal. It is the opinion of this court therefore that such evidence was clearly admissible in rebuttal of the defendant Anthony's testimony without the laying of any foundation whatever for the purpose of impeaching him as a witness. *Chambers v. State* (Tex. Crim.) 65 S. W. 192; *Turner v. State,* 102 Ind. 425, 1 N. E. 869.

For the reason that the evidence complained of was proper to be introduced in rebuttal of the defendant's testimony, the question of whether or not a proper foundation was laid to impeach the defendant by statements made out of court variant to those made as a witness is not discussed, nor necessary to a decision in this case.

The judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.