## FOUST ET AL. *v.* STATE OF INDIANA.

[No. 24,406.   Filed May 18, 1928.]

*William A. Branyan,* for appellants.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—On January 15, 1923, an affidavit was filed in the Huntington Circuit Court charging the appellants with grand larceny. The affidavit alleges that Frank Foust and Walter Foust, on September 23, 1922, at and in the said county of Huntington and State of Indiana, did then and there unlawfully and feloniously take, steal and carry away of the personal goods and chattels of Eva Bradford: One 11 x 12-feet Axminster rug of the value of $35, one 9 x 12-feet Axminster rug of the value of $20, two 2 x 2½-feet small floor rugs of the value of $2.50, two 2 x 4-feet rugs of the value of $4, and one guitar of the value of $6, in all the aggregate value of $67.50, then and there being, etc.

January 16, 1923, the defendants· were arraigned in open court and bonds fixed at $500 and they were released on such bonds. January 22, 1923, the defendants filed a motion to quash the affidavit for the reasons: (1) The facts stated in the affidavit do not constitute a public offense; (2) the affidavit does not state the offense with sufficient certainty.

On January 26, 1923, the court overruled the motion to quash, to which ruling the defendants excepted. Each defendant then waived arraignment and pleaded not guilty. The cause was submitted to the court and jury

for trial. The jury returned a verdict finding defendants guilty as charged in the affidavit as follows: "We, the jury find the defendants guilty as charged in the affidavit and find that their ages are as follows: Frank Foust, thirty-one years of age and Walter Foust thirty-eight years of age."

After a motion for a new trial had been overruled, judgment was rendered on the verdict, hence this appeal.

The rule requiring particularity in criminal pleading is to give identity and certainty to the transaction upon which the pleading is based, thereby enabling the accused to plead his conviction or acquittal in bar of another prosecution for the same offense. When this is done, the rule requiring particularity is satisfied. *Williams* v. *State* (1919), 188 Ind. 283, 123 N. E. 209.

In *Shafer* v. *State* (1881), 74 Ind. 90, it is held that an objection to an indictment that the property charged to have been stolen is inaccurately described is no cause for quashing the indictment, where the objection is not applicable to all the property named therein. The proper way to present such objection is to object to the admission of any evidence concerning the property improperly described.

In *Wrenn* v. *State* (1913), 12 Ga. App. 694, 78 S. E. 202, it is held that the description of the property alleged to have been stolen, given in the indictment, was sufficient for the purpose of identification and notice to the accused, although some of the contents of the description consisted of technical terms requiring explanation by expert evidence.

Section 2225 Burns 1926 provides that no indictment or affidavit shall be deemed invalid nor shall the same be set aside or quashed nor shall the trial judgment or other procedure be stayed, arrested or in any manner affected for any of the following

defects, for any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime and person charged or for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

In *Torphy* v. *State* (1918), 187 Ind. 73, 118 N. E. 355, it is held that the mere presence of surplusage that does not affect the substantial rights of the defendant can do no harm in an indictment and is not subject to attack, but where the matter complained of tends to prejudice the accused without aid in the statement of the offense charged, and yet does not serve to render the indictment double, it may be stricken out on motion.

In *Selby* v. *State* (1904), 161 Ind. 667, 69 N. E. 463, it is held that neither an indictment nor information will be condemned for surplusage or informality when the language used charges a public offense with reasonable certainty.

Under the Code of Criminal Procedure in this state, no more certainty is required in criminal than civil proceedings. All that is required is that the allegation be certain to a common intent. *Brunaugh* v. *State* (1910), 173 Ind. 483, 90 N. E. 1019; *Lane* y. *State* (1898), 151 Ind. 511, 51 N. E. 1056; Gillett, Criminal Law (2d ed.) §125.

In Gillett, Criminal Law (2d ed.) §125, it is stated, that: "Words used in an indictment are to be construed in their usual acceptation in common language, except words and phrases defined by law, which are to be construed according to their legal meaning. No greater certainty is required in criminal pleadings than in civil pleadings, both must be certain to a common intent. Our own Supreme Court has indicated that a criminal charge should be prepared with that degree of certainty that the court and jury may know what they are to try, and acquit the defendant of or punish him for; that the de-

fendant may know what he is to answer to, and that the record may show as far as may be, for what he has once been put in jeopardy."

The true test of the sufficiency of an indictment is whether the material averments thereof are stated with sufficient certainty as to advise the defendant of the nature and character of the charges against him. *Woodward* v. *State* (1885), 103 Ind. 127, 2 N. E. 321; *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819.

In *Bradley* v. *State* (1905), 165 Ind. 397, 75 N. E. 873, the subject of the larceny is described in the affidavit as one brown mare with white feet and face, and the evidence failed to show that she had either white face or white feet, it is claimed that although the description is unnecessarily specific, under the authorities it must be proved as alleged. *Morgan* v. *State* (1878), 61 Ind. 447. It is argued that there is no evidence to prove that the mare in question had a white face or that her feet were white. Conceding this insistence as true, the question of variance which appellant seeks to raise cannot properly be considered in this appeal, for if appellant believed there was a variance between the averments and the proof in the case, he ought to have seasonably interposed his objections in this respect during the trial in the lower court, and, in the event of an adverse ruling, have assigned it as a reason for a new trial. *Graves* v. *State* (1889), 121 Ind. 357, 23 N. E. 155; *Taylor* v. *State* (1891), 130 Ind. 66, 29 N. E. 415; *Kruger* v. *State* (1893), 135 Ind. 573, 35 N. E. 1019.

In the description of the property alleged to have been stolen, in the affidavit in the instant case, certain rugs are described as 11 x 12-feet, 9 x 12-feet, 2 x 2½-feet and 2 x 4-feet rugs. This is the exact contention of appellant when he says the prop-

erty alleged to have been stolen was not described with sufficient certainty. There is no merit in this contention. An indictment or information charging larceny should set forth the particular kind of property charged to have been stolen, but it is not necessary to so specify and describe it as to identify it from other property of the same class. Where, however, a more particular description is given, it must be proved substantially as laid. *Palmer* v. *State* (1894), 136 Ind. 393, 36 N. E. 130; *Morgan* v. *State, supra*.

It was not necessary to name the size of the rugs and, in considering the motion to quash, these descriptions of size may be treated as surplusage. See *Miller* v. *State* (1905), 165 Ind. 566, 76 N. E. 245; *Palmer* v. *State, supra*; *Williams* v. *State* (1865), 25 Ind. 150; *Harrington* v. *State* (1881), 76 Ind. 112; *Turner* v. *State* (1885), 102 Ind. 425, 1 N. E. 869.

These particular descriptions stating the size of the rugs alleged to have been stolen did not render the affidavit insufficient and the court did not err in overruling the motion to quash.

During the trial of the case, Eva Bradford, alleged to be the owner of the property in controversy, after being asked whether a certain rug belonged to her on September 23, last, said that it did. The defendants objected to that question for the reason that the property is not sufficiently described in the charge that is lodged against these defendants. The objection was overruled and exceptions taken. The witness was then asked, "What was the size of this rug to which I point now?" The answer was, "This rug is 11 x 12." The defendants object for the reason that there is no size given in the description in this charge. Said objection was overruled and defendants excepted. The witness was then asked to tell the jury what the value of the rugs was on September 23, 1922. To this

defendants objected for the reason that the property was not properly and sufficiently described in the affidavit. The witness, after testifying that the rug was an Axminster and that it was 9 x 12, was asked, "When you say 9 x 12, tell the court and jury what you mean by that." Defendants objected for the reason that it was not described in the charge. Objection overruled and witness answered, "9 x 12 feet." Witness was then asked, "When you say 9 x 12 feet what do you mean by that? Answer: "It was a 9 x 12-feet Axminster rug." To the answer of this question defendants object and except. Objections overruled. Answer: "It was 9 feet one way and 12 the other way." The question was then asked as follows: "Calling your attention to the large rug, I understood you to say that it was 11 x 12, tell the jury what you mean by that." Answer: "11 feet one way and 12 feet the other." Defendants object because they say the witness cannot enlarge upon the description put in the affidavit. Objection overruled and exceptions taken. The witness was then asked if she recognized the rug. Answer: "Yes." "To whom did it belong?" Answer: "To me on the 23rd day of September last." The objections urged to the introduction of the foregoing testimony are all based upon the contention by appellants that the affidavit does not state a public offense and that the offense is not described with sufficient certainty. These contentions have been decided against appellants in ruling upon their objections to the sufficiency of the affidavit. The evidence was properly admitted.

The court did not err in sustaining the objection by the state to a question submitted to the witness Bradford, in cross examination, "Have you heard that it was left unlocked?" This question called for hearsay evidence and could have no legitimate tendency to test the truthfulness of the witness. *Read,*

*Admr.*, v. *Webster* (1921), 95 Vt. 239, 113 Atl. 814, 16 A. L. R. 1068.

By their motion for a new trial the appellants seek to present certain alleged errors in the exclusion of evidence. Many of such grounds relate to questions submitted by appellants on direct and redirect examination of their own witnesses, and the record discloses no offer to prove. In *Krempl* v. *State* (1917), 186 Ind. 677, 117 N. E. 929, this court said: "It appears from the record . . . that although an exception was reserved to each ruling, no offer to prove was made by appellant in either instance; and that step, taken at the proper time, is essential to the presentation of such questions on appeal." See, also, *Miller* v. *Coulter* (1901), 156 Ind. 290, 59 N. E. 853. It is evident that the court did not err in excluding the evidence complained of.

Other grounds of objection relate to the cross examination of certain witnesses. It has been held that the cross-examination of a witness rests in the sound discretion of the trial court and only where there has been an abuse of discretion will the judgment of a trial court be reversed. *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039; *Denny* v. *State* (1921), 190 Ind. 76, 129 N. E. 308.

In *Pierson* v. *State* (1919), 188 Ind. 239, 123 N. E. 118, it was held, though a defendant in a criminal prosecution testifying in his own behalf may be cross-examined as to a prior conviction for the purpose of affecting his credibility as a witness, it was error for the court to instruct the jury that impeaching testimony brought out in such cross-examination should be considered in determining the defendant's guilt or innocence. Any fact tending to impair the credibility of a witness by showing his interest, bias, ignorance, motives, or that he, is depraved in character, may be shown in cross-examination, but the extent to which such cross-

examination may be carried is within the sound discretion of the court. In considering these alleged errors without specifying each error separately, it will appear that the question was not restricted to the examination in chief, or called for hearsay testimony, or was an attempt to make new matter brought out on cross-examination the basis for further cross-examination, or that the evidence was already in the record, or later introduced without objection. No abuse of discretion is shown in any of these instances.

The appellants allege error in refusing a new trial on account of newly-discovered evidence, which appellants say was discovered since and was an outgrowth of the trial. That it could not have been anticipated or discovered before the trial. The affidavits filed by the appellants in support of this motion for a new trial allege that they have discovered since the trial that the automobile driven by the defendants on the night of the alleged larceny did not have a bicycle tied to it. There was evidence upon the trial to the effect that it had, and the plain object of this testimony is to contradict the evidence introduced in the trial of the cause on the subject of a bicycle tied to the automobile or carried upon it. The newly-discovered evidence went to the identity of the automobile. The appellants were positively identified as the occupants of the automobile from which the goods were afterward stolen.

In *Bailey* v. *State* (1909), 94 Miss. 863, 18 So. 227, the court said: "We cannot reverse this case on account of the court's action in refusing to set aside the verdict on the ground of newly-discovered evidence. Such evidence tended only to impeach the evidence of the witness McLendon, by no means the only, or indeed the strongest, witness for the state. The rule is well established that a new trial will not be granted on the ground of newly-discovered evidence, the only effect of which is to im-

peach the credibility of a witness." *Moore* v. *Chicago, etc., R. Co.* (1881), 59 Miss. 243.

In 20 R. C. L. 294, §76, it is said, if, from the nature of the evidence that the moving party seeks to rely upon, as disclosed by the motion and affidavits, it is apparent no purpose can be served other than the impeachment of the testimony of an adversary, or a witness of the adverse party, a new trial should not be granted. The rule applies in criminal cases where the only tendency of the newly-discovered evidence is to impeach or discredit the prosecuting witness or other witness for the state. See *Bailey* v. *State, supra; Brown* v. *Grove* (1888), 116 Ind. 84, 18 N. E. 387, 9 Am. St. 823; *McIntire* v. *Young* (1843), 6 Blackf. (Ind.) 496.

In *Porter* v. *State* (1850), 2 Ind. 435, it is said, as a general rule, new trials are not granted for the impeachment of witnesses or for the admission of cumulative testimony, where neither the affidavit of newly-discovered evidence nor the bill of exceptions shows facts taking the case out of the operation of the general rule. *Sloan* v. *State* (1856), 8 Ind. 312; *O'Brian* v. *State* (1860), 14 Ind. 469; *Winsett* v. *State* (1877), 57 Ind. 26; *Batterson* v. *State* (1878), 63 Ind. 531; *Stalcup* v. *State* (1891), 129 Ind. 519, 28 N. E. 1116; *Malone* v. *State* (1911), 176 Ind. 338, 96 N. E. 1; *Ludwig* v. *State* (1908), 170 Ind. 648, 85 N. E. 345.

20 R. C. L. 309, in speaking of a new trial on account of newly-discovered evidence, says applications should be supported by affidavits setting up all the necessary facts and the affidavit must also make strict proof of diligence. The affidavits do not allege any facts tending to show diligence.

In appellants' brief the appellants discuss the court's instruction No. 8 and say that it should not have been given, but do not point out any legal objection to such instruction and do not even con-

tend that the instruction has not been approved by the court. Instructions are to be construed as a whole. This instruction was given in connection with No. 7, given by the court of its own motion, and the two together state the law upon the question of reasonable doubt. Number 8 expressly calls the attention of the members of the jury to their individual responsibility and personal independence in the discharge of their important duties. Its giving was not error. *Keesier* v. *State* (1900), 154 Ind. 242, 56 N. E. 232; *Adams* v. *State* (1923), 194 Ind. 512, 141 N. E. 460.

The appellant claims that the court erred in refusing to give instruction No. 1 tendered by the appellants. This instruction does not state the law. The court did not err in refusing to give it. *Keely* v. *State* (1859), 14 Ind. 36; *Hamilton* v. *State* (1858), 35 Miss. 214.

Instruction No. 3 tendered by the appellant was fully covered by instructions given by the court of its own motion. Instructions No. 4 and 5 are refused by the court because the substance of such instructions had already been covered by instructions given by the court of its own motion. Instruction No. 8 tendered by the appellants was upon the subject of reasonable doubt and had been fully covered by instructions given by the court of its own motion. Instruction No. 9 tendered by the defendants also pertains to the subject of reasonable doubt and is fully covered by instructions given by the court of its own motion.

No question is raised as to the sufficiency of the evidence to sustain the verdict. *Tow* v. *State* (1926), 198 Ind. 253, 259, 151 N. E. 697. No reversible error appearing in the record, the judgment is affirmed.