## DAVIS *v.* FRANKLIN.

| 25  | 407 |
| 141 | 549 |
| 25  | 407 |
| 144 | 606 |

PRACTICE.—SPECIAL FINDING.—A special finding of the court should first
state the facts found, and then the conclusions of law upon them. If the
finding goes beyond this, and attempts to set out the evidence, the latter
cannot be regarded as properly in the record.

EVIDENCE.—On the trial of an action upon an account for goods sold, a
witness was permitted to testify that he made the entries of the items
of account in the book at the time the goods were sold, and that he then
knew and recollected that the account was correct, and still believed it to
be correct, but did not now distinctly remember the items of account
charged.

*Held*, that the testimony was properly received.

APPEAL from the *Henry* Common Pleas.

RAY, J.—Complaint upon a merchant's account. Ans-
wer, payment, set off and a general denial. The cause was

submitted to the judge, who made a special finding, as follows: "I further find for the plaintiff in the sum of $100, upon evidence given in the cause by said witness, over the objection of the defendant, that said witness made the entries in the book of the charges and items of account at the time the goods were sold, and that he then knew and recollected the items of account to be just, and correctly charged, and that he still believed it, but did not now distinctly and specifically remember the items of account charged. Other testimony was given to the court, tending to prove said items of account, but not enough, exclusive of the testimony objected to, to justify the court in finding for the plaintiff."

The only question attempted to be presented in the record is whether the court erred in admitting the evidence on which this finding is based.

It is sought, in this case, to introduce a practice in this court which is not authorized by the statute. We are asked to waive the rule requiring all questions arising on the trial of a cause to be reserved by bill of exceptions, and treat the finding of the court as a substitute for the bill of exceptions, and regard it as containing, not only what the court finds to be the facts, from the evidence which has been introduced, but as embracing also the evidence itself; and we are requested to determine from the finding whether the evidence introduced on the trial will support it. The statute directs that "the court shall first state the facts in writing, and then the conclusions of law upon them," and when the finding attempts to go beyond this limit, and not only state the facts found, but the evidence upon which the finding was based, we must regard the evidence as improperly in the record. Reluctant, however, to turn a case off upon the inadvertence of counsel, we decide the question attempted to be presented, and we feel at liberty to do this simply because that decision results in affirming the judgment. We certainly could not reverse a judgment upon a question not properly in the record. In our opinion,

it was proper for the court to permit the witness to testify that he believed the account to be correct, although "he did not now distinctly and specifically remember the items of account charged." If he remembered the total amount of indebtedness it was proper he should state it, and his failure to remember the items distinctly and specifically could be properly discussed by counsel in considering the weight to be given to his testimony. Evidence was proper of the purchase at the dates stated of bills of goods by the defendant from the plaintiff, and general statements from memory of the quality and description of the goods and their value, would be not only competent evidence, but of value, where "other testimony was given to the court tending to prove the items of account."

The judgment is affirmed, with costs.

*Brown* and *Polk*, for appellant.

*T. B. Redding* and *J. H. Mellett*, for appellee.

