Filed Oct. 25, 1892.

———————◆———————

No. 16,758.

## RANDALL v. THE STATE.

CRIMINAL LAW.—*Prosecution for Petit Larceny.—Description of Money in Indictment.*—In a prosecution for petit larceny, for the theft of money, an allegation in the indictment that the defendant "did then and there unlawfully and feloniously steal, take and carry away six dollars in money, of the value of six dollars," furnishes a sufficient description of the alleged stolen property under section 1750, R. S. 1881. While it is not competent for the Legislature to dispense with all description, it is competent for it to prescribe rules for the description of property in such cases, and to declare what shall be a sufficient description.

SAME.—*Character Witness. — Cross-Examination of.—Discretion of Court.*— Where a witness had testified to a knowledge of the character of the accused, and that it was good, the extent to which the cross-examination may be carried rests largely within the discretion of the trial court. It can not be said that there was an abuse of such discretion in permitting a character witness for defendant, charged with petit larceny, to testify on cross-examination that he had heard that

the defendant had previously been arrested in another county on a charge of malicious trespass, and that he had learned that the accused had been convicted, fined and imprisoned for shooting a turkey.

SAME.—*Evidence.*—*Improper Conduct of Prosecuting Attorney.*—*When not Reversible Error.*—Where the prosecuting attorney in two instances propounded questions to witnesses (one of the witnesses being the accused) on cross-examination relating to matters plainly irrelevant and improper, the tendency of which would be to prejudice the minds of the jury against the accused, and objection was promptly interposed and sustained by the court, and thereupon the prosecutor, in the presence and hearing of the jury, stated that he expected to prove by the answers the facts detailed in the improper question, his action, while improper, was not such an irregularity as to justify a reversal of the judgment.

SAME.—*Instruction to Jury.*—*Testimony of Accused.*—*Weight to be Given to.*—Where the court in one instruction told the jury that in considering the weight to be given to the testimony of the accused they might take into consideration that he was such defendant, and to what extent, if any, this fact should detract from the credibility otherwise due his testimony, and in another instruction told them that they had no right to disregard the testimony of the defendant on the ground alone that he was the defendant, and that the law presumed him to be innocent until he was proven guilty beyond a reasonable doubt, and that the law allowed him to testify in his own behalf, and that the jury should fairly and impartially consider his testimony, together with all the other evidence, there was no available error.

From the Huntington Circuit Court.

*G. A. Yopst* and *B. M. Cobb,* for appellant.

*W. A. Branyan,* for the State.

McBRIDE, C. J.—The appellant was tried on a charge of petit larceny and convicted.

He asks a reversal upon the ground that the court erred in overruling a motion to. quash the information, and in overruling his motion for a new trial. Other errors are assigned, but not discussed. The information is as follows:

" William A. Branyan, prosecuting attorney in and for the 28th judicial circuit of Indiana, now gives the Huntington Circuit Court to understand and be informed that David Randall, on the 31st day of April, A. D. 1892, at and in said

county and State aforesaid, did then and there unlawfully and feloniously steal, take and carry away six dollars in money, of the value of six dollars, then and there, and being then and there the personal goods, money and chattels of William Powers. And the said Randall was heretofore convicted of petit larceny in the Wells Circuit Court, in Wells county, in said State, as William Powers has complained upon oath.

(Signed)     WILLIAM A. BRANYAN,<br>Prosecuting Attorney.

The appellant insists that the information is insufficient to charge a public offence because it contains no allegation of " the kind of money which it is claimed was stolen."

This counsel argue is necessary to a description of the alleged stolen property, and that without it there is no description.

The Bill of Rights (article 1 of the Constitution, section 58, R. S. 1881) guarantees to those accused of crime the right " to demand the nature and cause of the accusation against him." This constitutional provision requires that one accused of larceny be informed by the indictment or information of what property the larceny is alleged to have been committed.

A statute which should attempt to dispense with any description whatever of the property alleged to be stolen would be void, and an indictment or information purporting to charge larceny that contained no description of the alleged stolen property would not charge a public offence.

Section 1750, R. S. 1881, prescribes that in indictments and informations it shall be sufficient to describe money, bank bills, or notes, United States Treasury notes, etc., " simply as money, without specifying any particular coin, note, bill, or currency." The information before us complies with this statutory requirement, and is sufficient. While it is not competent for the legislature to dispense with all description, it is competent for it to prescribe rules for the descrip-

tion of property in such cases, and to declare what shall be a sufficient description. *Riggs* v. *State*, 104 Ind. 261; *Lewis* v. *State*, 113 Ind. 59; *Graves* v. *State*, 121 Ind. 357; *Mc-Carty* v. *State*, 127 Ind. 223.

The accused called one J. F. France as a witness for the defence, who, having testified to acquaintance with the accused, was asked the following question: " You may state if you are acquainted with his character for honesty and the proper respect for the property rights of others in that locality where he formerly lived?" The witness answered: " I think that I was at the time he resided there."

In answer to the question as to what that character was, whether good or bad, he answered, " It was good as far as I know."

The witness was cross-examined at considerable length, and among other things testified to having heard of the arrest of the accused once on a charge of surety of the peace, and once on a charge of house-breaking. He was then asked if he had not heard that he had previously been arrested in another county on a charge of malicious trespass. The question was answered in the affirmative. Over seasonable objection made by the accused, the witness further testified in that connection that he had learned that the accused had been convicted, fined and imprisoned for shooting a turkey. This it is urged was erroneous. The witness having testified to a knowledge of the character of the accused, and that it was good, it was proper, by cross-examination, to develop the extent of his knowledge of his character and the facts upon which his opinion was based. That the jury might properly weigh his estimate of character it was right that they be fully informed of the facts within the knowledge of the witness which led him to the formation of that estimate.

The extent to which the cross-examination might be carried rested largely in the discretion of the trial court, and we can not say that there was such abuse of that discretion

as would justify a reversal. *McDonel* v. *State*, 90 Ind. 320 ; *Wachstetter* v. *State*, 99 Ind. 290.

A cross-examination of a witness under such circumstances is in the nature of a trial of the witness. The facts thus developed had no bearing on the question of the guilt or innocence of the accused, save as they may have tended to shake or sustain the credibility of the witness, or to weaken or strengthen his estimate of the character of the accused.

During the cross-examination of this witness the prosecuting attorney propounded a question relating to matters plainly irrelevant and improper, the tendency of which would be to prejudice the minds of the jury against the accused.

Objection was promptly interposed, and sustained by the court. Thereupon the prosecutor, in the presence and hearing of the jury, stated that he expected to prove by the answer the facts detailed in the improper question. To this action of the prosecutor the appellant at the time objected and excepted, and it is assigned as a reason for a new trial.

The same action was taken by the prosecutor while cross-examining the accused, who testified as a witness in his own behalf.

The action of the prosecutor was improper, and should have met with a prompt rebuke from the court. While the course pursued by him is not uncommon, it should never be tolerated. It is an indirect method of reaching and influencing improperly the minds of jurors by a suggestion of the existence of facts prejudicial to the defendant, which the the court has by its ruling already adjudged to be incompetent and improper. We can not say, however, in the case at bar, that the irregularity was sufficient to justify a reversal of the judgment.

The court, at the instance of the prosecutor, gave to the jury the following instruction : "Under section 1803, R. S. 1881, the State has introduced some evidence of the defendant's general moral character, for the purpose of affecting

Randall *v.* The State.

his credibility as a witness. The defendant has seen fit to become a witness in his own behalf, and it is proper for you in weighing his evidence to take into consideration such impeaching testimony in determining whether or not the defendant under all the circumstances of the case can be believed. In determining the weight which should be attached to the testimony in his own behalf, of a defendant in a criminal prosecution, the jury may take into consideration the fact that he is such defendant, and to what extent, if any, this fact should detract from the credibility otherwise due his testimony." To the giving of this instruction the accused objected and excepted. The court, upon its own motion, gave the following additional instruction relating to the same subject: " I instruct you that you have no right to disregard the testimony of the defendant, on the ground alone that he is the defendant, and stands charged with the commission of a crime. The law presumes the defendant to be innocent until he is proven guilty beyond a reasonable doubt, and the law allows him to testify in his own behalf, and the jury should fairly and impartially consider his testimony, together with all the other evidence. And if the jury have a reasonable doubt that the defendant is guilty as charged in the affidavit and information, then you should give the defendant the benefit of the doubt and acquit him."

Taking the two instructions together, and considering with them the additional instruction given by the court, we find nothing sufficient to justify a reversal. The instructions as a whole are quite as favorable to the accused as he could ask.

We can not reverse the judgment on the evidence. After a careful examination of the entire record, and giving due weight to every alleged error, we conclude that the judgment of the circuit court should be, and it is affirmed.

Filed Oct. 27, 1892.