[Crim. No. 486. In Bank.—November 28, 1899.]

# THE PEOPLE, Respondent, v. JOHN J. VALLIERE, Appellant.

CRIMINAL LAW—EVIDENCE—SEARCH IN CONNECTION WITH DISTINCT
CRIME—BURGLARY.—On a trial for burglary in which evidence for
the prosecution had been given that a certain revolver, found
in the possession of the defendant, was one of the articles
alleged to have been stolen, but which the defendant testified
was his property and had been in his possession for a long
time previous to the alleged crime, it is improper, in rebuttal,
to ask a witness for the prosecution, who had found the re-
volver while searching the person and trunk of the defendant,
how he came to make such search, and for the witness to
answer that the search was made in connection with another
burglary which the defendant was suspected of having com-
mitted.

ID.—IMPROPER CONDUCT OF DISTRICT ATTORNEY.—Upon such answer
being ruled out, it is error justifying a new trial for the dis-
trict attorney, in his argument to the jury, to refer to such
search as having been made for such other burglary, and that
he knew of the same to his own knowledge.

APPEAL from a judgment of the Superior Court of Butte
County and from an order refusing a new trial. John C. Gray,
Judge.

The facts are stated in the opinion of the court.

George E. Gardner, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson,
Deputy Attorney General, for Respondent.

TEMPLE, J.—Defendant, having been convicted of the crime
of burglary, appeals from the judgment and from the order de-
nying a new trial.

The crime was committed, if at all, in the dormitory, called
a bunkhouse, on the Cosby ranch, in Butte county, on the 15th
of November, 1897. Defendant had once been employed on the
ranch, and on that day called to see some of the workmen. He
complained of illness and went into the bunkhouse ostensibly
to rest. The men were in the fields at work. The next day

several of them missed various articles which they had left in the bunkhouse, and defendant was at once suspected of the larceny.

The defendant was arrested on the evening of the following day at Marysville, and certain articles, which were identified by some of the workmen as their property, and which at the time of the alleged burglary were in the bunkhouse, were found in his possession, among others a certain revolver.

Defendant was a witness in his own behalf and testified that the revolver was his property, and had been in his possession for a long time previous to the alleged crime.

In rebuttal, a constable was called, who testified, against objections which were perhaps insufficient, that on the 15th of November he searched the person and trunk of defendant at Chico, because on that morning a number of articles had been taken from rooms in the Hallam House, and he testified that defendant then had no pistol. The evidence was relevant if, as the judge then stated, defendant had testified that the pistol was in his trunk all that day. I have not found that statement in his evidence, but, in any event, it was improper to ask the witness how he came to make the search, knowing, as the district attorney must be presumed to have known, that the answer would disclose the fact that defendant was suspected of having taken articles from the rooms of the Hallam House in Chico.

The objection, at first overruled, was finally sustained, but the answer had been given. The matter was again brought up in the argument. In addressing the jury, among other matters, the prosecuting officer said: "This trunk was not searched for this theft in Chico, but for another theft that I know of to my own knowledge." This statement was in the nature of testimony. It was the assertion of a damaging fact not only not proven, but in regard to matters which had been expressly ruled out. The misconduct was much more flagrant than that in *People v. Bowers*, 79 Cal. 415. Indeed, among the numerous cases discussed in *People v. Wells*, 100 Cal. 459, there is none worse. In my opinion, the examination was inexcusable, and the statements contained in the closing address were an outrage upon justice, which ought not to be allowed to pass. The court promptly rebuked the attorney, but that did not cure the in-

jury. Rebukes do not seem to have any effect upon prosecuting officers, and probably as little upon juries. The only way to secure fair trials is to set verdicts so procured aside.

The judgment and order are reversed and a new trial awarded.

Harrison, J., Henshaw, J., and Beatty, C. J., concurred.