THE STATE OF IOWA, Appellee, v. M. C. CONNOR, Appellant.

Larceny From the Person: EVIDENCE. Evidence in the prosecution for larceny from the person, examined and found sufficient to support the verdict of guilty.

Sentence: NOT EXCESSIVE. Sentence for a term of ten years held not excessive.

Attempt to Escape or Avoid Arrest: HOW CONSIDERED. Where one after being charged with a crime attempts to escape or avoid arrest, an instruction that these circumstances, if established, may be considered by the jury against defendant, is correct.

Description of Property Stolen: An indictment charging the property stolen as $110 "in current money of the United States" is a sufficient description.

*Appeal from Hancock District Court.*—HON. C. H. KELLEY, Judge.

WEDNESDAY, DECEMBER 17, 1902.

INDICTMENT for larceny from the person. Defendant appeals.—*Affirmed.*

*A. C. Ripley* and *H. N. Boardman* for appellant.

*C. W. Mullan,* Attorney General, and *C. A. Van Vleck,* Assistant Attorney General, for the State.

WEAVER, J.—The first point made in support of the appeal is upon the sufficiency of the evidence to sustain the verdict. We have examined the record with considerable care, and conclude that the finding of the jury should not be interfered with upon this ground. The testimony tends strongly to show the following facts: On the day in question the defendant, with two or three other persons, were seen in the town of Garner. They were strangers there, and carried no baggage. They went first to the station of the Burlington, Cedar Rapids & Northern Railroad, and made inquiries about passage west to Buffalo Center. Later they were at the station of the Chicago, Milwaukee & St. Paul Railroad when the prosecuting witness, Cummings, purchased a ticket for the eastbound train, and before the train arrived defendant was seen in consultation with others of the party outside of the depot. Upon the arrival of the train, the defendant and his comrades, and perhaps others, got upon the platform of the car with, or just ahead of, the prosecuting witness, whose pocket was picked as he pressed

his way through the crowd. He detected the movement, and at once seized one of the defendant's party called Williams as the thief. He testified that, as he laid hold of Williams, the defendant made a move with his hand down by Williams' side, and immediately he (Cummings), while retaining his grip upon Williams with one hand, seized defendant with the other, and asserted that the pocketbook had been passed to the latter. While engaged in this struggle with these two persons, a third party pressed in and struck Cummings, compelling him to lose his hold of the accused persons. After some confusion the train was stopped. Williams was found in the water-closet of one of the cars, and defendant in a seat in the rear coach. Being compelled to leave the train, defendant first walked east a distance, and was seen to throw something away, then turned back to town, where he was arrested. Upon search at the point where he turned back, a loaded revolver was found, but the pocketbook does not seem to have been recovered. These, with other circumstances developed in testimony, we think justified the jury in finding him guilty.

II.    It is also urged that the sentence imposed by the court—imprisonment for a term of ten years—is excessive. It is no doubt severe. But it is to be remembered that the 2. SENTENCE: crime of which the defendant is convicted is not excessive. of a very grave character. It is an offense not only against property, but against the person as well, and is rarely committed except by those who are experienced and hardened in the ways of vice and crime, and the punishment may properly be made heavy enough to discourage, if possible, its practice. The trial court had the defendant before it, and heard all the evidence offered, and we find no sufficient reason for revising its judgment in this respect.

III.    Exception is taken to the sixth paragraph of the court's charge to the jury to the effect that if defendant,

after being charged with the offense, attempted to escape or avoid arrest, it was a circumstance which ought to be consi ered against him in the finding of the verdict. It is said there is no evidence of this kind. It is shown, however, that after Cummings had charged him and Williams with the crime, and they had been rescued from his grasp by the interference of a third party, they did not remain to explain or insist upon their innoce ce, but one concealed himself in the water-closet, and the other went into another car. It is also shown, as we have seen, that when he left the car he first started in a direction away from town. These circumstances were for the jury to consider, and, if these movements were believed to have been made in an attempt to escape or evade detection, the unfavorable inference mentioned in the instruction could properly be drawn therefrom.

*3. ATTEMPTS to escape: how considered.*

IV.   The indictment is attacked as being indefinite and uncertain because it does not state the particular kind of money charged to have been stolen. The money is described as being $110 "in current money of the United States." We see no reason for requiring a more exact or specific description. The essential thing to be made known is the kind of property charged to have been stolen, and its alleged value. The property in this case was "current money of the United States." The precise amount in the various kinds of coins, bills, notes, and certificates would under most circumstances be impossible to prove with any certainty, and, if it should be held necessary to make the allegations thus minutely, prosecutions for theft of money would ordinarily be abortive. *State v. Alverson*, 105 Iowa, 152; *State v. Fisher*, 106 Iowa, 658; *State v. Hanshew*, 3 Wash. St. 12; *Randall v. State*, 132 Ind. 539.

*4. DESCRIPTION of property stolen.*

It is also said there was error in overruling certain objections to the testimony of the state's witnesses, and that the form of the verdict is irregular.

Without taking time to discuss these assignments separately, we are f the opinion that the points are not well taken, and the judgment of the district court must be AFFIRMED.