Argued April 22, reversed May, 26 1914.

## STATE *v.* BARTON.

(142 Pac. 348.)

**Criminal Law—Trial—Conduct of Counsel—Action by Court.**

1.   The persistent attempt of the state to force upon the attention of the jury evidence which the court had excluded is reversible error, though the court directed the jury to disregard the objectionable remarks.

[As to improper argument of counsel justifying new trial, see note in 9 Am. St. Rep. 559.   As to misconduct of attorneys at trial, and its effect, see note in 100 Am. St. Rep. 690.].

Criminal Law—Trial—Cautionary Instructions—Necessity.

2. In a prosecution for assault with intent to rape, where a memorial signed by 170 persons in a town of 1,000 or 1,500 inhabitants had been addressed to the prosecuting attorney and grand jury urging vigorous prosecution for crime and particularly for the crime in question, the refusal of an instruction to the jury not to rush blindly to a conclusion or to allow themselves to be swayed by passion or prejudice, and that it is not sufficient for the state to make out a strong probability of defendant's guilt, but the state must convince by evidence beyond a reasonable doubt that defendant is guilty, is error.

[As to what is reasonable doubt and instructions concerning it, see note in 48 Am. St. Rep. 566.]

From Coos: JOHN S. COKE, Judge.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

The defendant, Jesse S. Barton, was convicted of an assault with intent to commit rape, and appeals. During the trial the state offered evidence tending to show that the previous reputation of the prosecutrix for truth, honesty, and veracity was good, to the introduction of which the defendant objected, and the objection was sustained. Whereupon the district attorney addressed himself to the court, and in the presence of the jury stated in detail what he expected to prove by the witnesses offered. Thereafter upon the closing argument, and after having been warned by the court, he addressed the jury along the same lines until objection thereto was sustained by the court, and the prosecutor was admonished that such remarks were improper; but he again proceeded to comment to the jury upon the fact that the defendant had objected to the introduction of such testimony and was again reproved by the court and the jury instructed to disregard such statements. The defendant's counsel, among others, requested the following instructions, which were refused:

"You are instructed, gentlemen of the jury, that you are not to rush blindly to a conclusion in the case, or

to allow yourselves to be swerved by passion or prejudice from the true line of duty as laid down in the law of the land. Neither are you to allow mere sentiment to influence you in the discharge of your duty. Whatever your verdict is, it must be the product of a careful and impartial consideration of all of the evidence in the case, under the rules of law as given you by the court. It is not sufficient for the state to make out by the testimony a strong probability of the defendant's guilt, or merely a better case than that of the defendant. In order to secure a conviction, the state must convince you by the evidence beyond a reasonable doubt that the defendant is guilty as charged in the indictment.''

It appears from the transcript that previous to the indictment a petition was signed by 170 citizens of Coquille, where court was held, which reads as follows:

''District Atty. Geo. M. Brown and Members of the Grand Jury, Coquille, Coos County, Oregon—Messrs: As an expression of public sentiment conceived for the sole purpose of encouraging and assisting you in the performance of a difficult and disagreeable duty, we the undersigned citizens of Coquille present to you the following memorial: That moral conditions are bad here is evidenced by frequent cases of unlawful cohabitation, suicides, homicides, and criminal abortions resulting therefrom, and by social tolerance towards such crimes. Such conditions render it impossible to properly safeguard the moral welfare of our children and young people, handicap all our efforts toward social and moral betterment, and besmirch the fair name of our community to our material detriment. We consider it an intolerable shame that not only the transient and irresponsible members of the community, but also, and chiefly, some of those higher up should fasten upon the community the stigma and blight of such acts. Realizing the difficulty of prosecuting such cases, we take this means of assuring you of our sympathy and support in pushing such prosecution to the limit. Especially do we call to your attention the al-

leged assault against Miss Madge Yokum, the prosecution of which case may form the basis of a wholesome example.''　　　　　　　　REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. Jay Bowerman, Mr. E. D. Sperry* and *Mr. C. F. McKnight,* with an oral argument by *Mr. Bowerman.*

For the State there was a brief over the names of *Mr. James W. Crawford,* Assistant Attorney General, *Mr. George M. Brown,* Prosecuting Attorney, and *Mr. L. A. Liljeqvist,* Deputy Prosecuting Attorney, with an oral argument by *Mr. Crawford.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The persistent attempt of the state to force upon the attention of the jury evidence which the court had excluded, constituted reversible error: *Long* v. *State,* 56 Ind. 182 (26 Am. Rep. 19); *Randall* v. *State,* 132 Ind. 539 (32 N. E. 305); *McAdory* v. *State,* 62 Ala. 154; *People* v. *Mitchell,* 62 Cal. 411; *Berry* v. *State,* 10 Ga. 511; *Fox* v. *People,* 95 Ill. 71; *People* v. *Dane,* 59 Mich. 550 (26 N. W. 781); *Fuller* v. *State,* 30 Tex. App. 559 (17 S. W. 1108); *United States* v. *Cross,* 19 D. C. 562; *Leahy* v. *State,* 31 Neb. 566 (48 N. W. 390); *People* v. *Fielding,* 158 N. Y. 542 (53 N. E. 497, 70 Am. St. Rep. 495, 46 L. R. A. 641); *People* v. *Valliere,* 127 Cal. 66 (59 Pac. 295); *People* v. *Derbert,* 138 Cal. 467 (71 Pac. 564); *State* v. *Rader,* 62 Or. 37 (124 Pac. 195). It is true that in this case, as in several of the cases cited, the court directed the jury to disregard the objectionable remarks; but they were deliberately injected into the case, and it is impossible for us to say that they made no impression on the minds of the jurors, or to judge as to whether or not the court's

well-meant endeavor to "unscramble the egg" was successful.

2. While cautionary instructions are usually in the discretion of the court, there may be circumstances rendering them imperatively necessary, and we think such was the case here. The memorial introduced in evidence tends to show that at least 170 persons in that town of 1,000 or 1,500 inhabitants had a strong prejudice against the defendant, and a more or less fixed opinion as to his guilt. This would or might naturally filter into the minds of jurors attending the court and insensibly tend to prejudice them against the defendant. It was asking nothing more than what was fair and just to the defendant that the jury should be cautioned against allowing prejudice or sentiment to influence its verdict, and the instruction should have been given. This is one of those instances adverted to in *State* v. *Megorden*, 49 Or. 259 (88 Pac. 306, 14 Ann. Cas. 130), where "the circumstances of the case made them necessary."

For these reasons, the judgment is reversed and a new trial granted.      REVERSED AND REMANDED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.