Michael E. WALKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 283S78.

Supreme Court of Indiana.

Oct. 19, 1983.

J. Maurice Patton, Gary, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Michael E. Walker was found guilty by a Lake Superior Court jury of class B felony burglary. The trial court sentenced him to eleven years imprisonment. Appellant now directly appeals to challenge the sufficiency of the evidence by which he was convicted.

The facts adduced at trial show that at approximately 3:20 p.m. on January 17, 1982, John Ellington left his residence in Gary. The house was locked and secured when he left. At approximately 5:30 p.m., neighbor Jeanette Lucas saw Appellant and another man climb over a fence and into Ellington's yard. The men proceeded towards Ellington's bedroom window and began tampering with it. Mrs. Lucas called the police who quickly arrived at the scene. Mrs. Lucas' husband witnessed the two men enter into Ellington's house. Police officers Deleon and Bell observed Appellant and his accomplice jump from one of Ellington's windows and run. The men were captured after a chase. Ellington subsequently discovered that one of his bedroom windows had been broken, two of his bedrooms had been ransacked and his wife's Excell seventeen jewel watch was missing. A body search of Appellant produced a screwdriver, a socket wrench and an Excell seventeen jewel watch which was positively identified as belonging to Mrs. Ellington.

Appellant was convicted of breaking and entering the dwelling of another with intent to therein commit theft. Appellant now argues that there was insufficient evidence at trial to prove beyond a reasonable doubt his felonious intent to commit theft. This Court has held that intent may be inferred from the facts and circumstances of a particular case. *Duncan v. State,* (1980) Ind., 409 N.E.2d 597; *Williams v. State,* (1979) 271 Ind. 656, 395 N.E.2d 239. When considering any claim of insufficient evidence, we will not reweigh the evidence nor judge the credibility of the evidence but will consider that evidence most favorable to the State with all reasonable inferences drawn therefrom. We will affirm the conviction if there is substantial probative evidence from which the trier of fact could reasonably infer guilt beyond a reasonable doubt. *McManus v. State,* (1982) Ind., 433 N.E.2d 775; *Williams v.*

*State,* (1982) Ind., 433 N.E.2d 769. We now find more than sufficient direct and probative evidence by which the jury could reasonably find Appellant guilty beyond a reasonable doubt of burglary.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.