Willie CLARK, Appellant,

v.

STATE of Indiana, Appellee.

No. 1283S453.

Supreme Court of Indiana.

Aug. 31, 1984.

Ronald F. Layer, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a class B felony. He was sentenced to eighteen (18) years of imprisonment.

The facts are these. Appellant and the victim were related by marriage and had known each other for several years. Appellant came to the door of the victim's home in the early morning hours. He repeatedly knocked at the door until the victim answered. The victim did not permit appellant into the home. He did, however, permit appellant to use his telephone by handing it outside to the appellant.

After appellant finished with the telephone he handed it back to the victim. As he handed the telephone back, appellant shoved the glass front door open. The force on the door caused it to break and the glass cut the victim. Appellant then entered the home. He drew a gun and placed it at the head of the victim. Appellant then demanded to talk to the victim's wife. The wife was upstairs in the bedroom. She knew the appellant and when she heard the commotion she fled the home to call the police.

Appellant then forced the victim upstairs to the bedroom. Once in the bedroom the victim picked up a pair of pants from the floor. As he did so, change rattled in the pockets of the pants. Appellant ordered the victim to give him the pants and he complied. Appellant then fled the home with the pants. The victim testified he had been paid that day and the pants contained $800 in cash.

The information filed in the case charged appellant with the taking of money from the person of the victim. Appellant alleges a variance between the information and the proof produced at trial.

■ Appellant first argues no objective evidence was presented to show money was, in fact, taken. He would require the victim to produce a paycheck stub or other tangible evidence that he, in fact, had $800. In addition he would require the victim to show why he had not deposited a large sum of money in the bank or similar safe institution. The evidence presented consisted of the victim's statement that the money was in the pants and that he had been paid that day at work. This was a question of fact for the jury. That determination will not be disturbed on appeal. *Staton v. State*, (1981) Ind., 428 N.E.2d 1203.

■ Appellant asserts there was no evidence of a knowing or intentional taking of money as stated in the information. Rather, he argues, the evidence supported a showing of an intentional taking of pants. He maintains this is a fatal variance between the information and the evidence produced at trial. Appellant cites *Wilson v. State*, (1975) 164 Ind.App. 665, 330 N.E.2d 356. In *Wilson* the information alleged the taking of property, to wit: $6.00. The proof at trial consisted of a showing of the taking of $6.00 worth of gasoline. The Court of Appeals concluded gasoline was not money and reversed the conviction.

In the case at bar, we first note the existence of a reasonable inference that appellant, in fact, formed the intent to take money when he heard the sound of change in the pockets of the pants. This Court has held on numerous occasions that intent may be inferred from the facts and circumstances of a particular case. *Walker v. State*, (1983) Ind., 454 N.E.2d 859. In addition we also note recent statements by this Court to the question of variance between proof submitted at trial and the information charging the crime. *See Grassmyer v. State*, (1981) Ind., 429 N.E.2d 248; *Manna v. State*, (1982) Ind., 440 N.E.2d 473. Assuming *arguendo* that a variance did exist, we do not find that it was of a nature which would either mislead the court or the appellant in the conduct of their respective tasks in the handling of this case.

The trial court is affirmed in all things.

All Justices concur.