**Jose FLORES, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 385S98.**

Supreme Court of Indiana.

Dec. 5, 1985.

Robert R. Garrett, Public Appellate Counsel, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a jury trial, Defendant (Appellant) was convicted of burglary, a class A felony, Ind.Code § 35–43–2–1 (Burns 1983 Cum.Supp.), and two counts of robbery, both class A felonies, Ind.Code § 35–42–5–1 (Burns 1983 Cum.Supp.). He was sentenced to three (3) concurrent terms of thirty-five (35) years imprisonment. We have restated the contentions raised in this direct appeal as the following four (4) issues:

1. Whether the amended information, charging only that Defendant had taken "property" from the victims, was sufficient, as a matter of law, to apprise Defendant of the robbery charges.

2. Whether the trial court abused its discretion in allowing Defendant's brother to testify for the State.

3. Whether the evidence was sufficient to sustain the burglary conviction.

4. Whether the trial court adequately justified the enhanced sentences.

We reverse the convictions for robbery and affirm the conviction and sentence for burglary.

The record reveals that Defendant invaded the home of Carl and Mary Fritz, struck Mary Fritz with a hammer and then attacked Mr. Fritz with the hammer. As Mrs. Fritz went to a neighbor's home for assistance, Defendant took paper and other items, and continued to strike Mr. Fritz. The neighbor, Raymond Cantu, who had known Defendant for about fifteen (15) years, came to the Fritz home, saw Defendant striking Mr. Fritz, and then struck Defendant with a baseball bat. Defendant fled. Other facts are stated below.

## ISSUE I

We initially consider whether the amended information was sufficient, as a matter of law, to apprise Defendant of the two robbery charges. We conclude it was not.

The information as originally filed alleged that Defendant had, by use of force and putting the victims in fear, knowingly or intentionally taken "property, to wit: wallet" in count II and "Property, to wit: jewelry box" in count III of the information. When the trial began, the court, over objection, allowed the State to delete the references to "wallet" and "jewelry box" so that the information simply accused Defendant of taking "property" from the victims.

■ Defendant argues that the trial court's order allowing the amendment violated Ind.Code § 35–34–1–5 (Burns 1984 Cum.Supp.), which generally allows the State to delete or amend at any time surplusage or an immaterial defect in the information which does not prejudice the substantial rights of the accused. However, this statute requires that amendments "in matters of substance" be made at any time up to 30 days before the omnibus hearing date. Defendant contends that the amendments here constituted matters of substance and should not have been allowed so late as the first day of trial. Although we agree, our deeper concern is whether the information, as amended, comported with constitutional requirements that a defendant be advised of the charges against him.

Ind. Const. Art. I, § 13 provides in pertinent part:

In all criminal prosecutions, the accused shall have the right ... to demand the nature and cause of the accusation against him, and to have a copy thereof.

This Constitutional provision requires that the indictment or information sufficiently apprise the accused of the nature of the charges against him so that he may anticipate the State's proof and prepare a defense in advance of trial. Accordingly, the requirement for a sufficient information

also implicates the protection provided by the "due course of law" clause in Art. I, § 12 of our State Constitution. *See generally, Smith v. State* (1984), Ind., 465 N.E.2d 702, 704; *see also Trotter v. State* (1981), Ind., 429 N.E.2d 637, 639–41.

▪ At this point we digress briefly to consider whether Defendant has preserved this issue for review in this Court. Our review of the record reveals that when the State requested the amendment trial counsel objected on the basis that, among other things, the information's specification of items taken constituted material allegations. After the trial court granted the State's motion, counsel promptly moved for a mistrial and then a continuance, both of which were denied. The motion to correct errors alleged that the trial court had erred in allowing the amendments "over the objections of the Defendant." Although the appellant's brief inartfully argues the problem, and focuses upon the provisions of Ind.Code § 35–34–1–5, in light of trial counsel's objections and motions calling the trial court's attention to the possibility of material defects in the information as amended, we deem the issue to have been preserved for review.

This Court held many years ago that the requirements for a description of the property taken in a charge of robbery are equivalent to the requirements for such description in a charge for larceny. *See, Arnold v. State* (1875), 52 Ind. 281; *Brennon v. State* (1865), 25 Ind. 403; *Terry v. State* (1859), 13 Ind. 70, 71. Applying the provisions of Art. I, § 13 in a larceny case this Court stated:

> "The [Indiana State Constitution] Bill of Rights ... guarantees to those accused of crime the right 'to demand the nature and cause of the accusation against him.' This constitutional provision requires that one accused of larceny *be informed by the indictor information of what property the larceny is alleged to have been committed.*
>
> A statute which should attempt to dispense with any description whatever of the property alleged to be stolen would

be void, and *an indictment or information purporting to charge larceny that contained no description of the alleged stolen property would not charge a public offense.*" (Emphasis supplied.)

*Randall v. State* (1892), 132 Ind. 539, 541, 32 N.E. 305, 306. The Court subsequently stated in *Foust v. State* (1928), 200 Ind. 76, 82, 161 N.E. 371, 373:

> "An indictment or information charging larceny *should set forth the particular kind of property charged to have been stolen,* but it is not necessary to so specify and describe it as to identify it from other property of the same class. Where, however, a more particular description is given, it must be proved substantially as laid." (Citations omitted and emphasis supplied.)

Although we have discovered few recent Indiana cases concerning the requirements for description of property in a charge for larceny, theft or robbery, our common law tradition remains in accord with recent cases from other American jurisdictions. Citing several authorities, the authors state in 52A C.J.S. *Larceny* §§ 76, 77(1) (1968), at 512–13:

> "When it is possible to do so the indictment or information must name or describe the property charged to have been stolen. The description should be in the indictment, information or complaint, and not merely by reference to a schedule annexed....
>
> The description of the property alleged to have been stolen must be set forth in the charge with reasonable definiteness and certainty, unless the particulars are unknown, ... More specifically, the property must be described with sufficient particularity to enable the court to determine that such property is the subject of larceny, to enable the court and jury to decide whether the property proved to have been stolen is the same as that involved in the indictment or information, to advise [the] accused with reasonable certainty of the accusation he will be called on to meet at the trial, so that he may prepare his defense, and also to

enable him to plead the judgment rendered in bar of a subsequent prosecution for the same offense." (Footnotes omitted.)

*Accord,* 50 Am.Jur.2d *Larceny* § 124 (1970), at 300–02 and authorities cited.

The results in prior cases applying these principles have varied depending upon the facts presented and the reasonableness of the specificity of the charge. Cases involving alleged takings of bank notes, securities and currency are particularly illustrative. *Compare, Rains v. State* (1894), 137 Ind. 83, 36 N.E. 532, *McQueen v. State* (1882), 82 Ind. 72, *Brennon v. State* (1865), 25 Ind. 403 (description sufficient), *with Arnold v. State* (1875), 52 Ind. 281 (description insufficient). In a more recent case, for example, this Court upheld a conviction for robbery when the information alleged the taking of money but the evidence revealed that the defendant had taken pants the pockets of which contained the money. *See Clark v. State* (1984), Ind., 467 N.E.2d 691.

■ Although such cases are necessarily fact sensitive, in this case the amended information's allegations that Defendant had taken "property," without more, were not sufficient.

■ The State contends that the amendments did not prejudice Defendant's alibi defense, i.e., if Defendant were not present, as he contended, he could have taken no property, hence the specificity of the allegations concerning the taken property was not a material factor for the defense, and Defendant was therefore not prejudiced. Although at first glance this argument seems to vitiate our concerns, the sufficiency of the information is a problem independent of Defendant's case-in-chief. We have discovered no authority holding that the requirements for specific allegations in an information vary depending upon a defense which the defendant states *may* be raised during the trial, *after* the State has been put to its proof. If the State does not establish a prima facie case for its material allegations during the prosecution's case-in-chief, the trial court must grant a motion for judgment on the evidence under Ind. Rules of Procedure, Trial Rule 50, again *before* the defendant presents any defense in his behalf. The notice of alibi defense requirement simply informs the State that such defense *may* be raised, so that the State before trial may investigate the circumstances surrounding such defense. The notice of alibi requirement has nothing whatsoever to do with the core Constitutional requirements for instruments charging criminal offenses. Accordingly, the convictions for robbery are reversed.

## ISSUE II

Defendant contends that the trial court abused its discretion in allowing the State to call Defendant's brother as a witness. There is no merit to this contention.

Neither of the victims were able to identify Defendant as the attacker. However, Mr. Fritz testified that Defendant's brother, who was sitting in the courtroom, looked like the person who had invaded their home. The State was then allowed, over Defendant's objection, to call Defendant's brother, who testified that he did not invade the victim's home.

On appeal, Defendant claims that the trial court should not have allowed Defendant's brother to testify for the State because he had not been named on the State's list of witnesses, and suggests that the State's calling him violated the trial court's order for separation of witnesses.

■ Generally, when the State calls a witness not previously listed the defendant should move for a continuance to examine the witness' testimony and prepare a response. *E.g., Siblisk v. State* (1975), 263 Ind. 651, 656, 336 N.E.2d 650, 653. However, the granting of a continuance in such circumstances and imposition of any discovery sanctions are matters left to the trial court's sound discretion, reversible only for a manifest abuse thereof. *See, Counceller v. State* (1984), Ind., 466 N.E.2d 456, 459. Similarly, the enforcement of an order for separation of witness-

es is left to the trial court's sound discretion. *See, e.g., Abercrombie v. State* (1985), Ind., 478 N.E.2d 1236, 1239.

■ In this case Defendant has not demonstrated that the trial court abused its discretion in allowing his brother to testify in the State's case-in-chief. Defendant's brother previously had been listed as a defense witness. There is no indication that Defendant was in any way surprised by the testimony, nor did the testimony directly implicate Defendant in the crimes. We find no error.

### ISSUE III

■ Defendant argues that the evidence was not sufficient to support the verdicts. He first challenges the identification testimony by Mr. Cantu that Defendant was the person attacking Mr. Fritz when Mr. Cantu arrived at the home. There is no substantial basis for this argument. Mr. Cantu testified that he had known Defendant for about fifteen (15) years, and had observed him in good lighting at the Fritz home. There is no merit to Defendant's challenge of Mr. Cantu's identification testimony. *See generally, Townsend v. State* (1984), Ind., 460 N.E.2d 139, 141.

Defendant otherwise challenges the sufficiency of the evidence to sustain the conviction for robbery under count III; but in view of our disposition in Issue I, we need not address this challenge.

### ISSUE IV

Defendant finally argues that the trial court did not adequately justify the enhanced, 35-year sentences. In light of our disposition in Issue I, we address only the enhanced sentence for burglary.

Our review of this contention is governed by Rule 2 of the Ind.Rules for the Appellate Review of Sentences:

(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed.

Addressing a similar contention this Court recently stated:

"Within the parameters of applicable sentencing statutes, the trial court is vested with wide discretion to determine whether the presumptive sentence will be enhanced because of aggravating factors involving the particular defendant or crime, and whether the terms of imprisonment stemming from multiple convictions shall be served concurrently or consecutively. *See* Ind.Code §§ 35–50–1–2 (Burns 1979 Repl.), 35–38–1–7 (Burns 1984 Cum.Supp., formerly Ind.Code § 35–4.1–4–7, Burns Code Ed. 35–50–1A–7 [1979 Repl.]). Thus a trial court may, upon consideration of relevant facts and information, enhance the basic penalties, impose consecutive sentences, or both.... However, if the trial court enhances the penalties or imposes consecutive sentences, the record must demonstrate that 'the determination was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence.'" (Citations omitted.)

*Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905.

The presumptive sentence for class A felonies is thirty (30) years imprisonment, which may be reduced by as many as ten (10) years for mitigating circumstances, and enhanced by as many as twenty (20) years for aggravating circumstances. Ind. Code § 35–50–2–4 (Burns 1979 Repl.). We note that Ind.Code § 35–38–1–7(b)(5) (formerly 35–4.1–4–7(c)(5), Burns Code Ed. 35–50–1A–7(c)(5)) specifies as an aggravating factor the fact that the victim was 65 years old or older. Section 35–38–1–7(b)(4) (formerly 35–4.1–4–7(c)(4), Burns Code Ed. 35–

50–1A–7(c)(4)) provides that the trial court may determine that a reduced or suspended sentence would depreciate the seriousness of the crime. The trial court cited both of these factors in light of the ages of the victims and Defendant's invasion of a home.

Otherwise, the trial court's sentencing statement is not as detailed as we would prefer. *See generally, Page v. State* (1981), Ind., 424 N.E.2d 1021. However, in light of Defendant's invasion of the Fritz's home and his brutal attack upon them with a hammer, we cannot conclude that the 35-year sentence is manifestly unreasonable in light of the nature of the crime and character of the Defendant.

The convictions for robbery are reversed; the conviction and sentence for burglary are affirmed.

GIVAN, C.J., and DeBRULER, PIVAR-NIK and SHEPARD, JJ., concur.